UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE TONEY,

    Plaintiff,

v.                                        Case No. 05-CV-74249-DT

CITY OF DETROIT et al.,

    Defendants.
                                          /

**ORDER DENYING MOTIONS TO ENFORCE SETTLEMENT AGREEMENT**

     Pending before the court are three motions: (1) Nonparty Ernst & Associates' ("Ernst's")  "Motion to Enforce Settlement Agreement;" (2) Ernst's "Amended Motion to Enforce Settlement Agreement;" and (3) Defendant City of Detroit's concurrence in Ernst's motion, which the court has interpreted as an additional motion to enforce the settlement agreement.  The court held a hearing on the motions on March 6, 2006. For the reasons stated fully on the record, the motions will be denied and the court will allow the parties a limited time to conduct targeted discovery on the issues raised in the motions to enforce.

      Specifically, as discussed on the record, there is no dispute that Plaintiff signed a settlement agreement and release which, if enforced, would bar the instant action. Thus, the court determines that the most efficient manner in which to proceed is to first allow the parties time to conduct discovery related to the threshold issue of whether the release is enforceable.  To that end, Plaintiff has raised three arguments relating to the enforceability of the release.

First, Plaintiff argues that the release should not be enforced because Plaintiff allegedly received advice from an attorney (Ernst) who was not representing him at the time he signed the release.[1]  Because the release at issue was personally signed by Plaintiff, rather than by his attorney, the court finds that this issue is simply irrelevant to the determination of whether the release is enforceable.  This argument may be relevant to possible litigation between Plaintiff and Ernst, but is not discoverable in this litigation pursuant to Federal Rule of Civil Procedure 26(b)(1).

The court will, however, allow discovery on Plaintiff's remaining two arguments.  Specifically, the court will allow discovery on Plaintiff's argument that the release is not enforceable because Plaintiff was under the influence of medication and was therefore incompetent at the time he signed the release.  Finally, to the extent it is necessary, discovery will be allowed on Plaintiff's argument that the release cannot be enforced because the terms of the agreement are unconscionable.[2]  Discovery on all other matters is, at this stage of the litigation, precluded.

IT IS ORDERED that Nonparty Ernst's "Motion to Enforce Settlement Agreement" [Dkt. # 4] and Ernst's "Amended Motion to Enforce Settlement Agreement" [Dkt. # 5] are DENIED for lack of standing.  IT IS FURTHER ORDERED that Defendant City of Detroit's "Concurrence in Amended Motion to Enforce Settlement Agreement"

---

[1] The court recognizes that Plaintiff's argument on this issue contains further assertions related to alleged violations of attorney responsibilities and ethics. The court's discussion encapsulates all issues related to this topic of attorney representation.

[2] The court notes that Plaintiff expressed that discovery would likely not be needed on this argument.

[Dkt. # 7], which the court has interpreted as an additional motion to enforce the settlement agreement, is DENIED WITHOUT PREJUDICE.

The parties are DIRECTED to begin any necessary discovery on the two limited issues outlined above. Finally, IT IS ORDERED that the court shall conduct a telephone conference on **March 23, 2006 at 9:30 a.m**. The parties should be prepared to inform the court as to (1) the status of their discovery efforts[3] and (2) their view as to how the case should proceed to most efficiently resolve the threshold issue of the enforceability of the release. The court will initiate the call.[4]

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2006, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[3] The court expects that the parties will have begun substantial discovery, including the scheduling of all necessary depositions on the targeted discovery issues.

[4] In view of this telephone conference, the parties need not submit a joint memorandum, as originally contemplated during the March 6, 2006 hearing.

S:\Cleland\JUDGE'S DESK\Even Orders\05-74249.TONEY.Discovery.wpd